EDSON D. CLARAGE, Plaintiff, *v.* JOHN P. V. HEINMUELER, Defendant.

City Court of New York, New York County, March 24, 1932.

*Maxwell Arent* [*Alfred M. Bailey* of counsel], for the plaintiff.

*Emil N. Zolla* [*Manton Marks* of counsel], for the defendant.

RYAN, J. Two causes of action are alleged in the complaint. The first is to recover the sum of $3,233, said sum being the purchase price of 894 golf counters sold by defendant to plaintiff. The right to such recovery is predicated upon the claim of plaintiff that the same were unmerchantable and unfit for the purpose for which they were to be used. The second cause of action is to recover the sum of $1,404, which said amount plaintiff claims to be an advance payment made on account of the purchase price of 606 golf counters, the delivery of which was never made by the defendant. Defendant denied generally the allegations of the complaint and also interposed a counterclaim based upon plaintiff's refusal to accept counters ordered from defendant. The issues were tried and submitted to the jury and a verdict rendered in favor of plaintiff for the sum of $2,998, which, with interest, amounted to $3,447.50.

So far as the first cause of action is concerned, the complaint is so drawn as to make it uncertain as to whether the plaintiff was seeking to recover the sum demanded (which, it will be noted, was the exact sum paid by him as purchase price of the goods) upon the theory of a rescission or as damages for breach of warranty. Upon the trial plaintiff elected to proceed upon the theory of breach of warranty. The proof offered by him to support his cause of action established that part of the counters delivered by defendant were not fit for the purpose for which they were intended to be used and were not of merchantable quality. It failed, however, to show the extent of plaintiff's damage by reason thereof. It appeared that some of the counters were used and resold by plaintiff. It further appeared that some of them were returned to defendant, who caused same to be repaired and redelivered to plaintiff. There was, however, a lack of proof as to the number of counters that complied with the contract and the number that were imperfect. Nor was there any evidence showing the value of the imperfect counters. Hence there was no basis whatever for a finding of any sum as representing the damage that had been sustained by plaintiff by reason of defendant's breach of warranty.

As to the second cause of action the proof was probably sufficient to warrant a finding that the plaintiff was entitled to the return of the consideration paid to defendant as an advance payment for counters which defendant failed to deliver, to wit, the sum of $1,404. Deducting the sum of $1,404 from the amount of the verdict, to wit, $2,998, it is found that, assuming that the jury found for plaintiff on the second cause of action, their finding for plaintiff on the first was for the sum of $1,594. To this extent the verdict was not justified by the evidence for, as above stated, there was an entire absence of proof of the amount of damage plaintiff sustained by reason of defendant's breach of warranty. It appears that the verdict of the jury was based on surmise and conjecture and for this reason cannot be permitted to stand.

Plaintiff, while conceding that the verdict of the jury was based upon their misapprehension and misconception of the law as laid down by the court, asks that the same be not disturbed save to the extent of eliminating therefrom the amount apparently awarded by them on plaintiff's first cause of action and permitting same to stand to the extent of plaintiff's claim on said second cause of action, viz., the sum of $1,404, plaintiff consenting to a reduction of the verdict to such sum. The court would be willing to accede to this request were it not for the fact that the verdict as rendered did not separately find as to the respective causes of action but was for a lump sum. It is, therefore, impossible to determine whether the jury found for plaintiff on the first cause of action and not on the second or for part of the relief claimed on the second and part on the first; and if so for what sum their finding was on each. To comply with plaintiff's request would be substituting the verdict of the court for that of the jury and this may not be done. It thus appears that there is no alternative but to set aside the verdict and order a new trial.

Settle order accordingly on notice providing for restoration of the cause to the day calendar for trial.